IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT GOTSCHALL, | CV 24-67-BLG-DWM |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, B.O.P.P., PSI OFFICER, NICHOLAS C. MURNION, TIMOTHY C. FOX, ROY BROWN, WYATT A. GLADE, MICHAEL J. GEE, MARK REDDICK, CASEY PRELL, PAUL HAWKINS, MICHAEL HAYWORTH, | |
| Defendants. | |

Plaintiff Robert Gotschall ("Gotschall") filed a Complaint generally alleging the Defendants violated his civil rights in conjunction with his Custer County criminal proceedings and the appeal therefrom. (Doc. 2 at 3-5.) Gotschall was previously granted leave to proceed in forma pauperis. (Doc. 5.)

As explained below, Gotschall fails to state a claim for relief and seeks relief from Defendants who are immune. The claims contained in Gotschall's Complaint

1

also appear to be untimely.  The Complaint will be dismissed.

## I.      Screening Analysis

Gotschall is a prisoner proceeding in forma pauperis so the Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A.  These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

## II.     Gotschall's Allegations

Gotschall names the State of Montana and the B.O.P.P., which the Court presumes to mean the Montana Board of Pardons and Parole, in the caption of his complaint, although these entities are neither named nor addressed in the body of his complaint. *See generally*, (Doc. 2.)  Nicholas C. Murnion and Michael Hayworth, at all times pertinent to this action, were state district court judges in Custer County, Montana. (*Id.* at 3); (Doc. 2-1 at 1.) Timothy C. Fox, was the former Montana State Attorney General; Roy Brown was an Assistant Attorney General and Michael J. Gee was an Assistant Attorney General Special Deputy. (Doc. 2 at 2-3); (Doc. 2-1 at 1.)   Wyatt Glade, at all times pertinent to this action, was the Custer County Attorney.  (Doc. 2 at 3.)  Captain Mark Reddick and

Captain Casey Prell were Miles City Police Officers. (Doc. 2-1 at 1.) And Probation Officer Paul Hawkins was apparently responsible for authoring the presentence investigation report utilized during Gotschall's re-sentencing. (*Id.*)

Gotschall claims that his due process rights were violated when the State of Montana refused to follow another state's statutes, that the district court erred by imposing sentencing enhancements, and that the state district court engaged in judicial misconduct by forcing him to complete sex offender classes when it lacked the authority to do so. (Doc. 2 at 3.) Gotschall explains that in September of 2016, the State of Minnesota released him of all offender registration requirements. He asserts that this fact should have relieved him of all subsequent registration duties in any state, including Montana. (*Id.* at 4.) But instead, Gotschall was purportedly investigated from 2017 to 2019 by Miles City Police Officers Purcell and Riddick, Judge Hayworth, and Prosecutor Glade. (*Id.* at 4-5.) Gotschall claims these individuals refused to acknowledge that he had been released from the registration requirement. (*Id.* at 5.)

Gotschall asserts his rights were further violated in 2019 and 2020 by the Montana Attorney General's Office, Probation and Parole Officer Hawkins, and Judge Murnion when they, too, refused to recognize that he was no longer required to register as a sexual offender. (*Id.* at 5.) In support of this contention, Gotschall supplies a letter from the Minnesota Department of Public Safety, dated October

27, 2016. (Doc. 2-1 at 2.) The letter does, in fact, advise Gotschall that he is no

longer required to register as a Predatory Offender in the State of Minnesota. (*Id.*)

Gotschall asserts that the collective actions of the Defendants, which include

slander and defamation of character, have cause mental anguish. He is seeking

$750,000 to $1.5 million dollars in damages to cover the time-period from

September 30, 2016, to the present day. (Doc. 2 at 5.)

## III.   Analysis

As a preliminary matter, this Court notes that Gotschall filed a recent federal

habeas petition advancing similar to those in the instant matter. *See Gotschall v.*

*Salmonsen et al.*, Cause No. CV 24-68-BLG-DWM, Pet. (filed June 11, 2024).

The petition was dismissed based upon Gotschall's failure to state a federal claim.

*Gotschall v. Salmonsen et al.*, Cause No. CV 24-68-BLG-DWM, Ord. (D. Mont.

July 17, 2024).  The background provided in that case provides additional context

for the claims Gotschall attempts to advance in this civil rights case:

> In October of 2017, following entry of a guilty plea to Incest, Gotschall
> was sentenced in Montana's Sixteenth Judicial District, Custer County.
> Gotschall and the state entered into a binding plea agreement, however,
> the agreement was silent as to parole eligibility and/or restriction. The
> district court sentenced Gotschall to the Montana State Prison for a
> period of 25 years, as contemplated by the agreement, but restricted
> Gotschall's parole eligibility for the entire term of the sentence.
> Gotschall appealed.    The Montana Supreme Court reversed and
> remanded, finding the district court erred in not allowing Gotschall the
> opportunity to withdraw his plea upon informing the parties of its intent
> to impose the parole restriction. *State v. Gotschall*, 2020 MT 13N ¶¶
> 3-6, 10, 445 P. 3d 837 (Table), 339 Mont. 550.

On November 30, 2020, the district court held a sentencing hearing
following Gotschall's completion of an updated psychosexual
evaluation. On December 21, 2020, written judgment was entered. The
district court re-sentenced Gotschall to an unsuspended term of 25 years
at Montana State Prison, recommended completion of Phases I and II
of sex offender treatment during his incarceration, and credited
Gotschall with 1,337 days for time served. *See generally*, Judg. (Doc.
1-1 at 6-12.)

On May 10, 2024, Gotschall filed a motion with the Montana Supreme
Court seeking dismissal of his conviction. The filing was construed as
a petition for writ of habeas corpus. *See Gotschall v. Salmonsen*, OP
24-0296 at *1 (Mont. May 29, 2024). There Gotschall argued that in
September of 2016 the State of Minnesota relieved him of all sexual
offender registration requirements. Accordingly, he argued his
designation as a "Tier 3 predator" by the State of Montana was
unlawful. *Id.* He also argued that the State did a poor job of
investigating and prosecuting him and the Minnesota information was
known while still electing to prosecute him for Incest. *Id.* The Montana
Supreme Court denied relief. It found the district court did not impose
a sex offender level designation upon Gotschall and specifically noted
that his crime of conviction was "not a sexual offense as contemplated
by the legislature." *Id.* at *2. Thus, the issues raised by Gotschall were
moot and he failed to demonstrate that his incarceration was illegal. *Id.*

(*Id.* at 1-3.)

It was then observed that the language of Gotschall's written judgment,

which Gotschall provided as an attachment to his habeas petition, underscored the

Montana Supreme Court's decision, as the state district court did not impose a sex

offender level-designation upon Gotschall or require him to register as a sex

offender. (*Id.* at 4.) The state district court did find, however, that the testimony

provided at sentencing by Michael Sullivan, M.S.W., provided a sufficient nexus

for sexual offender treatment. The state district court specifically noted that the treatment requirement was a recommendation and not a parole restriction pursuant to Mont. Code Ann. § 46-18-207(3). (*Id.*) With this context in mind, Gotschall's claims are considered.

### i.    No Federal Violation

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (*quoting Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In this matter, Gotschall has failed to adequately plead deprivation of a federal right.

Gotschall suggests that an ex post facto violation occurred. *See* (Doc. 2-1 at 1.) The Constitution's Ex Post Facto Clause provides that "[n]o State shall…pass any…ex post facto law." Art. I, § 10, cl. 1; *see also*, Art. I, § 9, cl. 3 ("No…ex post facto law shall be passed."); *Calder v. Bull*, 3 U.S. 386, 390 (1798)("[A] law shall not be passed concerning, and after the fact, or thing done, or action committed.") The Ex Post Facto Clause "forbids the Congress and the State to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981)(internal quotation marks

omitted).  This prohibition was intended "to assure that legislative Acts g[a]ve fair warning to their effect and permit individuals to rely on their meaning until explicitly changed' and to "restrict[ ] governmental power by restraining arbitrary and potentially vindictive legislation." *Id.* at 28-29.  There are two elements that "must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id.* at 29.  In Gotschall's case, neither element is present, and the ex post facto clause is not implicated.

While Gotschall was relieved of any registration requirements in Minnesota in 2016, it is unclear how he believes this fact should have absolved him from a subsequent 2017 criminal investigation for acts committed in Montana.  Moreover, Gotschall pled guilty to Incest, which is a distinct charge from Failure to Register. And it has been made clear throughout the underlying proceedings that no sexual registration requirement was placed upon Gotschall by the district court.  Thus, there is no ex post facto violation.

Similarly, Gotschall argues that his right to due process was violated when Montana did not follow Minnesota "statutes and amendments."  (Doc. 2 at 3.)  The due process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property, without due process of law."  U.S. Const. Amend. XVI, § 1.  This clause provides a basis for both substantive and

procedural due process claims.  For purposes of either type of claim, the threshold consideration is whether the plaintiff has been deprived of a protected interest in property or liberty. *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).  "Only after finding the deprivation of a protected interest" does the court "look to see if the State's procedures comport with due process." *American Manufacturers*, 526 U.S. at 59.

As his complaint stands, Gotschall has not adequately identified a protected interest, much less deprivation of a right that would give rise colorable claim.  He only makes a conclusory claim that when Minnesota relieved him of his duty to register there, Defendants should have been precluded from investigating and charging him in Montana.  In short, Gotschall fails to identify a plausible federal violation.

### ii.    Immunity

Even assuming Gotschall could state a claim under 42 U.S.C. § 1983, the next deficiency in this Complaint is that the majority of the named defendants are entitled to immunity.

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983

"because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F. d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Aside from his own conclusory statements, Gotschall has not identified acts undertaken by Judges Murnion or Hayworth that would indicate they acted outside of their respective judicial capacities or without jurisdiction.  Accordingly, the two named judges are entitled to judicial immunity from suit.

Next, Gotschall fails to state a claim against Timothy C. Fox, Roy Brown, Wyatt A. Glade, or Michael J. Gee, as all four are entitled to absolute immunity. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).  This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent.  *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005).  Prosecutors are absolutely immune from suit when they function as advocates.  *Imbler*, 424 U.S. at 430-31.

The initial actions taken by County Attorney Glade related to the investigation into and the prosecution of the 2017 Incest charge and conviction, as

well as the subsequent acts undertaken by the individuals within the Montana

Attorney General's Office during the direct appeal and the remand/resentencing

proceedings were all intimately associated with the judicial phase of the criminal

process. Accordingly, Glade, Fox, Brown, and Gee are entitled to absolute

prosecutorial immunity.

Finally, the Eleventh Amendment bars suit in federal court against a state

and/or a state agency absent a valid abrogation of immunity by Congress or an

express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*,

521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974);

*Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

144 (1993). The State of Montana has waived immunity only for tort claims

brought in state court. Mont. Code Ann. § 2-9-101 et seq. Hence any claim

against the State of Montana or any agency of the State, including the Montana

Board of Pardons and Parole, cannot be brought in federal court

### iii.    Statute of Limitations

Finally, Gotschall filed his Complaint outside the applicable statute of

limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261

(1985), determined the applicable statute of limitations for claims filed pursuant to

42 U.S.C. § 1983 is the state statute of limitations governing personal injury

actions. In Montana, that period is three years after the action accrues. Mont.

Code Ann. § 27-2-204(1). Gotschall's complaint is dated April 14, 2024, therefore all claims accruing prior to April 14, 2021, appear to be barred by the applicable statute of limitations.

Gotschall was re-sentenced following a hearing held on November 30, 2020; the written judgment was entered on December 21, 2020. Thus, Gotschall was aware of the conditions imposed upon him, including the recommended sexual offender treatment by December 21, 2020, at the latest. The other acts he complains of, concerning his investigation, prosecution, conviction, and appeal therefrom, all occurred well before December of 2020. Accordingly, all of the acts underlying Gotschall's claims accrued prior to and fall outside to the limitations period.

## IV.   Conclusion

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by

11

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing*

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

 The State of Montana, the Montana Board of Pardons and Parole, and eight of the individuals named in the Complaint are immune from suit.  Gotschall's claims are barred by the applicable statute of limitations period, and he has failed to state a claim upon which relief may be granted.  These defects could not be cured by amendment; accordingly, granting Gotschall leave to amend would be futile.  This matter will be dismissed.

## V. "Strike" under 28 U.S.C. §1915(g)

 The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim.  28 U.S.C. §1915(g). Gotschall has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)).   The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

 Based upon the foregoing, IT IS ORDERED that:

 1.  This matter is DISMISSED. The Clerk of Court is directed to close this

12

matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

2.  The Clerk of Court is directed to have the docket reflect, pursuant to Rule

24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that

any appeal of this decision would not be taken in good faith.

3.  The Clerk of Court is directed to have the docket reflect, pursuant to 28

U.S.C. § 1915(g),  that this dismissal counts as a strike because the Complaint fails

to state a federal claim upon which relief may be granted.

DATED this 9 day of September, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

13